# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

ABRAHAM DJAMEN,

    Plaintiff

v.

LOWE'S HOME IMPROVEMENT, LLC,

    Defendant.

Case No.: 8:22-cv-2434

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, incorrectly sued herein as "Lowe's Home Improvement, LLC" ("Lowe's),  by and through its undersigned counsel, hereby gives notice of removal of the above action from the Circuit Court for Prince George's County, Maryland ("Circuit Court"), to the United States District Court for the District of Maryland, pursuant to 29 U.S.C. §§ 1332(a), 1441 and 1446. As set forth below, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. All requirements for the removal of this action are met through the allegations contained in the pleadings filed in this Circuit Court and in this Notice of Removal.

In support of this Notice of Removal, Lowe's states as follows:

1.    There is pending in the Circuit Court for Prince Georges County, Maryland, a Complaint styled  *Abraham Djamen v. Lowe's Home Improvement, LLC,* Case No. CAL22-23181 (the "State Court Action"). The Complaint in the State Court Action was filed on or about August 11, 2022. A copy of the Complaint is attached hereto as Exhibit A.

2.    Defendant was served with the summons and complaint in the State Court Action on September 1, 2022.

3. This Notice of Removal is filed within thirty (30) days of the date on which Defendant first received a copy of the Complaint and is therefore timely under 28 U.S.C. § 1446(b),

4. The State Court Action is properly removed under 28 U.S.C. § 1441(a) because the State Court Action is subject to the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332, as explained below.

5. Plaintiff is a resident of Prince George's County, Maryland. *See* Exhibit A, ¶ 4.

6. Lowe's is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina. *See* SDAT printout, attached as Exhibit B. The sole member of Lowe's is Lowe's Companies, Inc., which is a publicly traded North Carolina corporation with its principal place of business in North Carolina.

7. Plaintiff's Complaint seeks compensatory damages in an amount in excess of $75,000. *See* Exhibit A, "Prayer for Relief."

8. This action is properly removed on grounds of diversity of citizenship between (a) complete diversity of citizenship exists between Plaintiff and all named defendants and (b) the amount in controversy herein exceeds the sum or value of $75,000.

9. Written notice of the filing of this Notice of Removal will promptly be given to Plaintiff and the Clerk of the Circuit Court for Prince George's County, Maryland, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Lowe's respectfully requests that this case proceed before this

Court as an action properly removed.

Respectfully submitted,

/s/  Sandra T. Carson
Sandra T. Carson (#24699)
MINTZER SAROWITZ ZERIS
  LEDVA & MEYERS, LLP
1447 York Road, Suite 610
Lutherville, MD  21093
P:  410-583-8081
F:  410-821-1608
scarson@defensecounsel.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2022, I caused a copy of the foregoing Notice of Removal to be served on counsel identified below via the Court's CM/ECF system, though which a copy of the document may be obtained.

John T. Everett
ChasenBoscolo
7852 Walker Dr., Suite 300
Greenbelt, MD 20770
**Attorneys for Plaintiff**

/s/  Sandra T. Carson
Sandra T. Carson (#24699)

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | | |
|---|---|---|
| WILLIAM RAMSEY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CASE NO. 6:24-CV-00001-CHB |
| v. | ) | |
| | ) | ***ELECTRONICALLY FILED*** |
| LOWE'S HOME IMPROVEMENT, | ) | |
| LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

---

## NOTICE OF REMOVAL

---

Defendant, Lowe's Home Improvement, LLC ("Lowe"), by counsel, and without waiving any Fed. R. Civ. P. 12(b) affirmative defenses, including but not limited to lack of personal jurisdiction, hereby removes this action from Pulaski Circuit Court, in Somerset, Kentucky, to the United States District Court for the Eastern District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1. Plaintiff, William Ramsey, commenced this action on or about December 6, 2023, by filing his complaint in the Pulaski Circuit Court, Civil Action No. 23-CI-01078. Defendant Lowe's was served with the complaint on December 13, 2023. (Complaint, attached hereto as Exhibit 1).

2. Plaintiff alleges that on December 7, 2022, he sustained a dislocated shoulder while handling plywood at the Lowe's store located at 2001 S. Hwy. 27,

1

Somerset, Kentucky.

## TIMELINESS OF REMOVAL

3.      Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4.      Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action...."

5.      Defendant Lowe's agent for service of process was served with the Complaint on December 13, 2023.

6.      This notice of removal is timely because it is being filed within 30 days since Defendant Lowe's received Plaintiff's complaint. Further, the notice of removal is timely because it is being filed less than one year after the commencement of the action on December 6, 2023.

## VENUE

7.      Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(3)(A) and 3.2(b) of the Joint Local Rules of Civil Practice because the Eastern District of Kentucky, Southern Division at London, is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

8.     This is a civil action in which there is complete diversity of citizenship between plaintiff and defendants. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

9.     Plaintiff is an individual who is a citizen and resident of Pulaski County, Kentucky. (Complaint, Exhibit 1, at ¶1).

10.     Defendant, Lowe's Home Improvement, LLC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina.  Accordingly, Lowe's Home Improvement, LLC is not a citizen of Kentucky. (Complaint, Exhibit 1, at ¶2).

## AMOUNT IN CONTROVERSY

11.     Plaintiff seeks to recover damages for physical injuries, medical expenses, past and future pain and suffering, "[i]ncreased likelihood of future complications and inconvenience," and impairment of his overall health and enjoyment of life. [*Id*. at ¶14.]

12.     Plaintiff further alleged that he suffered a dislocated right shoulder as a result of the alleged incident. [*Id*. at ¶10.]

13.     Information provided to Lowe's indicates that Plaintiff underwent shoulder surgery that Plaintiff relates to this incident and, it is believed, that Plaintiff may still be actively receiving medical treatment.  [*See*, September 25, 2023 Email

from Plaintiff's counsel with information redacted, attached as Exhibit 2.]

14.     Given the alleged nature and extent of Plaintiff's injuries, the preponderance of available evidence indicates that the amount in controversy exceeds $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. §1332(a).

## OTHER MATTERS

15.     Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to this notice of removal as Exhibit 3.

16.     In compliance with 28 U.S.C. § 1446(d), notice of filing of this notice of removal is being filed with the Circuit Court for Pulaski County, Kentucky.

17.     Pursuant to Fed. R. Civ. P. 7.1, the corporate disclosure statement of Defendant Lowe's Home Improvement, LLC, is attached as Exhibit 4.

18.     Defendant Lowe's is serving all other parties with written notice of the removal of this action.

19.     This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it, including but not limited to an affirmative defense that this Court lacks personal jurisdiction over the named Defendant Lowe's Home Improvement, LLC, and it should be dismissed.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Laura L. Mays*
Laura L. Mays
Gregory A. Jackson
100 West Main Street, Suite 400
Lexington, Kentucky 40507
859.219.8216 (t) / 859.255.6903 (f)
laura.mays@steptoe-johnson.com
greg.jackson@steptoe-johnson.com
COUNSEL FOR DEFENDANT
LOWE'S HOME IMPROVEMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January 2024, a copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

Jeremy A. Bartley
Law Office of Jeremy A. Bartley
35 Public Square
Somerset, KY 42501
606-678-7265 (t)
*Counsel for Plaintiff*

/s/ Laura L. Mays
COUNSEL FOR DEFENDANT

6

# Exhibit C

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-07140-S2**
**8/5/2024 12:13 PM**
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of <u>Gwinnett State Court</u>   County

| **For Clerk Use Only** | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number <u>24-C-07140-S2</u> _____ |

**Plaintiff(s)**
VICTOR ALFONSO GONZALEZ

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
STANLEY BLACK & DECKER, INC., d/b/a CRAFTSMAN

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

LOWE'S HOME CENTERS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

LOWE'S HOME IMPROVEMENT, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| LOWE'S COMPANIES, INC., a/k/a BUFORD LOWE'S (STORE #0662) | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>Bethany L. Schneider</u>   **State Bar Number** _____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☒ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**       **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07140-S2**
**8/5/2024 12:13 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## VICTOR ALFONSO GONZALEZ

PLAINTIFF

CIVIL ACTION
NUMBER:  24-C-07140-S2

VS.

## STANLEY BLACK & DECKER, INC., d/b/a

## CRAFTSMAN, LOWE'S HOME CENTERS, LLC,

## LOWE'S HOME IMPROVEMENT, LLC,

## LOWE'S COMPANIES, INC., a/k/a BUFORD
## LOWE'S (STORE #0662),

DEFENDANTS

## SUMMONS

STANLEY BLACK & DECKER, INC., d/b/a CRAFTSMAN
c/o Corporation Service Company
**TO THE ABOVE NAMED DEFENDANT:** 2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092, Gwinnett County.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Bethany L. Schneider
3480 Peachtree Rd NE #121
Atlanta, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 5th day of August, 2024 _____ , 20_____ .

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07140-S2**
**8/5/2024 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| VICTOR ALFONSO GONZALEZ,     ) | |
|     ) | |
|   **Plaintiff,**    ) | |
|     ) | **CIVIL ACTION** |
| **v.**    ) | **FILE NO.:** |
|     ) | |
| STANLEY BLACK & DECKER, INC., d/b/a  ) | 24-C-07140-S2 |
| CRAFTSMAN, LOWE'S HOME CENTERS,  ) | |
| LLC, LOWE'S HOME IMPROVEMENT, LLC, ) | **JURY TRIAL DEMANDED** |
| LOWE'S COMPANIES, INC., a/k/a BUFORD  ) | |
| LOWE'S (STORE #0662),    ) | |
|     ) | |
|   **Defendants.**    ) | |

## COMPLAINT FOR DAMAGES

COMES NOW VICTOR ALFONSO GONZALEZ, Plaintiff, in the above-styled action, and files this Complaint against Defendants STANLEY BLACK & DECKER, INC., d/b/a CRAFTSMAN, LOWE'S HOME CENTERS, LLC, LOWE'S HOME IMPROVEMENT, LLC, LOWE'S COMPANIES, INC., a/k/a BUFORD LOWE'S (STORE #0662) (collectively hereinafter referred to as "Defendant Lowe's"), showing the Court the following:

## BACKGROUND

1.

This is a products liability case involving physical and emotional injuries suffered by Plaintiff Victor Gonzalez when he was seriously injured on August 13, 2022, after using the defective Craftsman 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501) (hereinafter the "Subject Miter Saw") he purchased from the Buford Lowe's on August 8, 2022.

## PARTIES & JURISDICTION

2.

Plaintiff VICTOR ALFONSO GONZALEZ is a resident of the State of Georgia.

1

3.

Defendant STANLEY BLACK & DECKER, INC., d/b/a CRAFTSMAN ("Craftsman"), is a foreign profit corporation with its principal office address at 1000 Stanley Drive, New Britain, Connecticut 06053, and is authorized to conduct and transact business in the State of Georgia.

4.

Defendant CRAFTSMAN is engaged in business in the state of Georgia and may be served through its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, Gwinnett County.

5.

Upon information and belief, and at all times relevant herein, Defendant CRAFTSMAN was engaged in the business of designing, manufacturing, fabricating, producing, assembling, importing, marketing, distributing, selling and/or otherwise placing into the stream of commerce various tools, including miter saws, which are distributed and sold in retail stores throughout the United States and the State of Georgia.

6.

Defendant CRAFTSMAN designed, manufactured, assembled, inspected, tested, advertised, marketed, distributed and/or sold the 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501) (the "Subject Miter Saw").

7.

Defendant CRAFTSMAN is subject to the jurisdiction and venue of this Court.

8.

Defendant CRAFTSMAN has been properly served with process in this action.

2

9.

Defendant LOWE'S HOME CENTERS, LLC, is a foreign limited liability company with its principal office address at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117, and is authorized to conduct and transact business in the State of Georgia.

10.

Defendant LOWE'S HOME CENTERS, LLC, is engaged in business in the state of Georgia, and may be served through its registered agent: CSC of Stephens County, Inc., 597 Big A Road, Toccoa, Georgia 30577, Stephens County.

11.

Defendant LOWE'S HOME CENTERS, LLC, is subject to the jurisdiction and venue of this Court.

12.

Defendant LOWE'S HOME CENTERS, LLC, has been properly served with process in this action.

13.

Defendant LOWE'S HOME IMPROVEMENT, LLC, is engaged in business in the state of Georgia, and may be served through its registered agent: CSC of Stephens County, Inc., 597 Big A Road, Toccoa, Georgia 30577, Stephens County.

14.

Defendant LOWE'S HOME IMPROVEMENT, LLC, is subject to the jurisdiction and venue of this Court.

15.

Defendant LOWE'S HOME IMPROVEMENT, LLC, has been properly served with process in this action.

3

16.

Defendant LOWE'S COMPANIES, INC., a/k/a BUFORD LOWE'S (STORE #0662) maintains an office and place of doing business in Buford, Georgia, at 1955 Buford Mill Drive, Buford, Georgia 30519, and may be served at that address.

17.

Defendant BUFORD LOWE'S is subject to the jurisdiction and venue of this Court.

18.

Defendant BUFORD LOWE'S has been properly served with process in this action.

19.

Upon information and belief, and at all times relevant herein, Defendant Lowe's was engaged in the business of operating and managing a nationwide chain of home goods stores, including multiple stores in the state of Georgia.

20.

Defendant Lowe's markets, distributes, sells and otherwise places into the stream of commerce various products manufactured by Defendant Craftsman in each of its store locations, including the Subject Miter Saw.

21.

Defendants have purposefully availed themselves of the privilege of conducting business activities within the State of Georgia by placing products, including the Subject Miter Saw, into the stream of commerce by advertising their products and establishing retail facilities within the State.

22.

Defendants derive substantial revenue from goods sold and used in the State of Georgia.

4

23.

Defendants do reasonably expect, or should reasonably expect, that their business activities could or would have consequences within the State of Georgia.

24.

Defendants have established continuous and systematic contact with the State of Georgia sufficient to confer general jurisdiction, which will not offend traditional notions of fair play and substantial justice, and is consistent with the constitutional requirements of due process.

25.

This Court has original subject matter jurisdiction of this action, and venue in this Court is proper pursuant to O.C.G.A. § 9-10-93, as the injury occurred in Gwinnett County.

26.

This Court has personal jurisdiction over the out-of-state Defendants pursuant to O.C.G.A. § 9-10-91 as they transact business within this state, committed a tortious act or omission within this state, and/or committed a tortious injury in this state caused by and act or omission outside of this state as each Defendant does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. Assertion of personal jurisdiction over each Defendant is also in accordance with the provisions and protections of the U.S. Constitution.

**FACTS**

27.

Plaintiff re-alleges and incorporates herein the allegations contained in the foregoing paragraphs as if fully reinstated.

5

28.

On August 8, 2022, Plaintiff purchased a new 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501) (the "Subject Miter Saw") from the Buford Lowe's.

29.

The Subject Miter Saw was designed by Craftsman.

30.

The warnings and instructions for the Subject Miter Saw were prepared by Craftsman.

31.

The Subject Miter Saw was manufactured by Craftsman.

32.

The Subject Miter Saw was sold by Defendant Lowe's.

33.

Defendant Lowe's markets and sells the 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501) on its website and specifically touts its safety features.



34.

The CMXEMAX69434501 Miter Saw consists of a base and the saw head. The saw head (with the motor, blade and blade guards) moves up and down on a pivot attached to the saw base at the rear of the saw, as depicted in the Product Manual.



35.

When the saw is in the operating position, the saw head is held up by a spring.

7



36.

To make a cut, the workpiece is placed on the base, and the saw head is pulled down through the workpiece.  As the saw head is pulled down, the lower blade guard is retracted by the lower blade guard retracting lever.

8



Retracting lever

Lower blade guard

37.

When the saw is being moved using the carrying handle, the saw head should be locked in the down position by the lock pin to hold the blade guard in place.

9



38.

On August 13, 2022, Plaintiff was using the Subject Miter Saw consistent with the warnings and directions provided by Craftsman and in a reasonably foreseeable manner and for its intended purpose.

39.

After using the saw, Plaintiff locked the saw head down using the lock pin and attempted to pick up the saw using the carrying handle, consistent with the instructions provided by Craftsman.

40.

As Plaintiff picked up the saw, the lock pin failed to secure the saw head and retracting blade guard. The retracting lever then suddenly and unexpectedly sprung up, pinching Plaintiff's

10

hand between the lower blade guard retracting lever and the carrying handle, cutting the tendons in his hand and causing severe and permanent injuries.



**Hand pinched between handle and retracting lever**

41.

Plaintiff returned the defective Subject Miter Saw to the Buford Lowe's, reporting the unsafe and defective condition of the saw.

42.

Defendant Lowe's has actual knowledge of the unsafe and defective design and manufacture of the CMXEMAX69434501 Miter Saw from the reports of injured users like Plaintiff.

11

43.

Despite knowing that litigation involving the Subject Miter Saw was reasonably foreseeable, Defendant Lowe's did not preserve the Subject Miter Saw.

44.

Defendant Lowe's willfully destroyed the Subject Miter Saw after it was returned to the store by Plaintiff.

45.

Defendant Lowe's reported Plaintiff's incident with the Subject Miter Saw to Defendant Craftsman.

46.

Plaintiff reported the incident and the unsafe and defective condition of the Subject Miter Saw to Defendant Craftsman.

47.

Prior to August 13, 2022, Defendant Craftsman received enough reports of incidents and injuries like Plaintiff's to put it on notice of the defective condition of the CMXEMAX69434501 Miter Saw.

48.

The function of the Subject Miter saw could have been accomplished by a safer alternative design of the carrying handle with no reduction in the utility of the Subject Miter saw.

49.

Other tool manufacturers design and manufacture miter saws with safer integrated carrying handles, such as the one below.

12



50.

Defendant Craftsman instructs users to use the carrying handle to move the saw.

51.

Defendant Craftsman is aware that if the locking pin does not hold the lower blade guard retracting lever in place while the user is carrying the saw, then there is danger of human injury.

52.

Defendant Craftsman is aware that if the locking pin does not hold the lower blade guard retracting lever in place while the user is carrying the saw, then the user's hand will get pinched between the carrying handle and the lever, causing serious injury.

13

53.

Defendant Craftsman does not mention in its warnings for the Subject Miter Saw that serious injury can result from using the carrying handle if the lock pin fails to hold down the blade.

54.

The Subject Miter Saw severely injured Plaintiff because it was not reasonably safe or suited for its advertised and intended use, both because it was dangerously designed and/or manufactured and because it did not have adequate warnings and instructions for use to protect from the dangers Craftsman knew or, in the exercise of reasonable care, should have known were likely to occur when the Subject Miter Saw was used in a reasonable and foreseeable manner.

55.

Plaintiff did nothing wrong to cause or contribute to causing his injuries.

56.

Plaintiff continues to suffer from physical and emotional injuries and will continue to suffer from them in the future.

57.

As a result of his injuries, Plaintiff incurred medical expenses and will continue to incur medical expenses in the future.

58.

As a result of his injuries, Plaintiff lost wages and will continue to lose additional wages in the future.

59.

Plaintiff's injuries have caused him to suffer a reduced quality of life and loss of enjoyment of life.

14

## COUNT I: STRICT LIABILITY/DESIGN DEFECT
## AS TO DEFENDANT CRAFTSMAN

60.

Plaintiff re-alleges and adopts each of the allegations set forth above as if fully set forth herein.

61.

The Subject Miter Saw designed, manufactured, assembled, marketed, distributed, and sold by Defendant Craftsman and marketed and sold by Defendant Lowe's was defective and/or unreasonably dangerous when sold.

62.

The Subject Miter Saw designed, manufactured, assembled, marketed, distributed, and sold by Defendant Craftsman and marketed and sold by Lowe's was the producing cause of Plaintiff's injuries and damages.

63.

Defendant Craftsman is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling miter saws, including the Subject Miter Saw, to consumers within the stream of commerce.

64.

Defendant Craftsman expected the Subject Miter Saw, so introduced and passed on in the course of trade, to ultimately reach the consumer and/or users like Plaintiff without substantial change in the condition in which it was originally sold.

15

65.

The Subject Miter Saw was without substantial change in the condition from which it was originally sold by Defendants and unexpectedly caused severe injuries to Plaintiff under ordinary, foreseeable and intended use.

66.

At the time the Subject Miter Saw left Defendants' control, and at all times complained of, safer alternative designs were available that would have eliminated the risk of the Subject Miter Saw causing the injuries at issue without substantially impairing the usefulness and intended purpose of the product.

67.

The Subject Miter Saw was unreasonably dangerous and defective in at least the following ways:

a.    The Subject Miter Saw suffered from a manufacturing defect that resulted in the failure of the lock pin to hold the lower blade guard retracting lever in place and allowed the lock pin to disengage;

b.    The Subject Miter Saw suffered from a design defect in that when the saw head is raised, a pinch hazard exists between the carrying handle and the lower blade guard retracting lever;

c.    The Subject Miter Saw suffered from a design defect in that Defendant Craftsman failed to design the pinch hazard out of the saw to guard against exposure to the hazard; and

d.    The Subject Miter Saw was defective and unreasonably dangerous because there was a lack of adequate warnings and notices that the lock pin could unexpectedly

16

disengage and release the retracting lever, pinching the user's hand between the carrying handle and the lever.

68.

The Subject Miter Saw's manufacturing and design defects, whether individually or collectively, rendered it unreasonably dangerous for its intended and foreseeable use.

69.

Defendant Craftsman knew or should have known of these defective conditions and the danger they presented to the Subject Miter Saw's users.

70.

The Subject Miter Saw was not merchantable or reasonably suited for its intended use, and as a result, Defendant Craftsman is strictly liable for the defects pursuant to O.C.G.A § 51-1-11.

71.

The Subject Miter Saw left Defendant Craftsman's possession and control with the manufacturing and design defects Plaintiff alleges, and the Subject Miter Saw remained defective and unreasonably dangerous up, until and throughout the events giving rise to Plaintiff's injuries and damages.

72.

The defective and unreasonably dangerous condition of the Subject Miter Saw was the direct and sole proximate cause of the Plaintiff's injuries and damages which include, but are not limited to, past, present, and future medical expenses, economic loss, pain and suffering, permanent disability, scarring and disfigurement, mental anguish, emotional distress, and loss of enjoyment of life.

17

73.

Based on the foregoing, pursuant to O.C.G.A § 51-1-11, Defendant Craftsman is strictly liable for the injuries and damages, both actual and punitive, sustained by the Plaintiff.

## COUNT II: NEGLIGENCE OF DEFENDANTS

74.

Plaintiff re-alleges and incorporates herein the allegations contained in the foregoing paragraphs as if fully reinstated.

75.

The Defendants owed consumers and/or foreseeable users, including the Plaintiff, the duty of reasonable care in their design, manufacture, assembly, marketing, distribution, and sale of the Subject Miter Saw.

76.

The Defendants were negligent, grossly negligent, reckless, and acted in willful and wanton disregard of and in breach of their duties to the Plaintiff in one or more of the following particulars, to wit:

a) Designing and manufacturing the Subject Miter Saw in such a way that it was unfit and unsafe for its intended use;

b) In placing into the stream of commerce the Subject Miter Saw when the Defendants knew, or should have known, it was unreasonably dangerous and unsafe for its intended use;

c) In placing into the stream of commerce a product, namely the Subject Miter Saw, that was defective in design and manufacturing in that it allowed the lock pin to inadvertently disengage, increasing the risk of exposure to a pinch hazard and creating a dangerous condition;

18

d) In failing to implement safer, technologically feasible, and economically practical design alternatives for the carrying handle on the Subject Miter Saw;

e) In placing into the stream of commerce the Subject Miter Saw that was defective in that it failed to contain adequate warnings and instructions;

f) In failing to adequately instruct and/or warn users of the risks involving the Subject Miter Saw;

g) In failing to properly inspect the Subject Miter Saw;

h) In failing to inspect or initiate reasonable inspection or testing of the Subject Miter Saw prior to its leaving Defendants' possession;

i) In failing to adequately instruct and/or warn users of the risks involving the Subject Miter Saw;

j) In failing to issue a recall notice for the CMXEMAX69434501 Miter Saw;

k) In selling the Subject Miter Saw despite knowing of the unreasonably dangerous and defective design of the carrying handle and the retracting lever;

l) In improperly permitting or causing the violation of statutes, ordinances, codes, regulations and standards governing the design, manufacture, distribution, sales, supply and/or construction of the Subject Miter Saw;

m) In violating applicable industry standards by failing to warn of the risk of hazards associated with the use of the Subject Miter Saw;

n) In violating applicable industry standards by lacking the elements to prevent the pinch hazard created by the sudden disengagement of the locking pin and the retracting of the lower blade guard retracting lever;

19

o) In failing to exercise that degree of due care that a reasonably prudent designer, manufacturer, distributor and seller would have exercised under the same or similar circumstances; and

p) In being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of which combined as a direct and proximate cause of the injuries and damages sustained by the Plaintiff herein, said acts and/ or omissions being in violation of the statutory and common law of the State of Georgia and the dictates of ordinary prudence.

77.

The aforesaid negligent, grossly negligent, willful, wanton, reckless, and unlawful acts and/or omissions of the Defendants were the direct and sole proximate cause of the Plaintiff's injuries and the damages that Plaintiff is entitled to recover which include, but are not limited to, past, present, and future medical expenses, loss of wages, economic loss, pain and suffering by Plaintiff scarring and disfigurement of Plaintiff, mental anguish, emotional distress and loss of enjoyment of life.

78.

The injuries sustained by Plaintiff were a reasonably foreseeable consequence of Defendants' acts and omissions.

79.

Nothing Plaintiff did or failed to do caused or contributed to the occurrence made the basis of this suit.

## COUNT III: FAILURE TO WARN BY DEFENDANTS

80.

Plaintiff re-alleges and incorporates herein the allegations contained in the foregoing paragraphs as if fully restated.

81.

Defendants had a continuing duty to warn the owners and users of the Subject Miter Saw, including the Plaintiff, of any dangerous condition or defect that it knew or reasonably should have known about including, but not limited to, the pinch hazard created between the carrying handle and the lower blade guard retracting lever if the locking pin inadvertently disengaged.

82.

Defendants owed a duty of care to the owners and users of the Subject Miter Saw, including the Plaintiff, and the consuming public in general to ensure that the Miter Saw that it designed, manufactured, and/or sold was safe and free from defects.

83.

Defendants specifically marketed and sold the Subject Miter Saw as both durable and safe for its intended uses.

84.

The Subject Miter Saw was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold because of the potential pinch hazard created between the carrying handle and the lower blade guard retracting lever if the locking pin inadvertently disengaged rendered it unsafe for the normal and expected use of such a product.

21

85.

Based upon the foregoing, Defendants were negligent and were the factual cause of the injuries, harm, damages, and losses of Plaintiff in that they:

(a) Designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold (whether in whole or in part) the Subject Miter Saw, which contains a safety defect;

(b) Failed to carefully, properly, or adequately test the Subject Miter Saw to ensure that it was reasonably safe for its intended and foreseeable uses;

(c) Failed to implement quality control/assurance processes that were sufficient to identify that the Subject Miter Saw contained a safety defect;

(d) Negligently and falsely represented and marketed the Subject Miter Saw as being safe and durable for their intended use; and

(e) Failed to warn its customers, users of Subject Miter Saw (including Plaintiff), and the consuming public in general, about the propensity of its 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501) to injure its users by pinching their hands between the carrying handle and the lower blade guard retracting lever if the locking pin inadvertently disengages.

86.

The tortious conduct of Defendants was not only negligent but it exhibited a willful, reckless, and/or wanton disregard for life and property because Defendants knew that there was a considerable risk of severe injury in the event that the locking pins on their miter saws failed in the manner in which the Subject Miter Saw did here. Because of this, Defendants were required to take special care and precautions that their miter saws were safe for their intended uses. Moreover, Defendants had an affirmative duty to warn the Plaintiff and their other customers about potential hazards in their miter saws that could result in serious injury. Defendants failed to do any of these things and breached their duties to the Plaintiff and their other customers in these and other

22

respects. For this and other reasons, Defendants are liable to the Plaintiff for all damages allowable by law, including punitive damages.

## COUNT IV: BREACH OF WARRANTY BY DEFENDANTS

87.

Plaintiff re-alleges and incorporates herein the allegations contained in the foregoing paragraphs as if fully restated.

88.

Defendants, by and through the sale of their miter saws, including the Subject Miter Saw, impliedly and expressly warranted to the consumer and/or foreseeable users, such as Plaintiff, that the Subject Miter Saw was fit for its ordinary and foreseeable purposes and merchantable, as well as reasonably safe for use.

89.

Plaintiff made ordinary use of the Subject Miter Saw in reliance on said warranties.

90.

Contrary to said warranties, the Subject Miter Saw was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

91.

As a direct and proximate result of Defendants breaching said warranties, Plaintiff suffered severe injuries and incurred the damages set forth herein, for which the Defendants are jointly and severally liable.

## INJURIES & COMPENSATORY DAMAGES

92.

Plaintiff re-alleges and adopts each of the allegations set forth above as if fully set forth herein.

23

93.

As a proximate result of the incident described herein and the conduct of Defendants, Plaintiff suffered severe and permanent injuries to his hand.

94.

As a proximate and legal result of the incident and the conduct of Defendants as described above, Plaintiff suffered, and will continue to suffer, severe emotional trauma and mental anguish, and pain and suffering.

**PUNITIVE DAMAGES**

95.

Plaintiff re-alleges and adopts each of the allegations set forth above as if fully set forth herein.

96.

Defendant Craftsman, through its conduct in designing, manufacturing, inspecting, testing, and selling (whether in whole or in part) the Subject Miter Saw, demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of its actions, which included an extreme degree of risk. Plaintiff is entitled to an award of punitive damages to deter Defendant Craftsman from such conduct in the future.

97.

Despite Defendant Craftsman's knowledge of the dangerous defects in the 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501) generally and the Subject Miter Saw specifically, it did nothing to remedy or mitigate the problem so that innocent victims like Plaintiff would not be injured and maimed.

24

98.

As a result of Defendant Craftsman's callous, wanton, reckless, and conscious indifference to the safety and well-being of the consumer public and users of its10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501), numerous victims have been injured in similar incidents over time, and people continue to be injured.

99.

There is clear and convincing evidence that Defendant Craftsman acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for the safety and well-being of victims like those involved in this incident and others to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against Defendant Craftsman that will punish it for the harm it has caused and that will deter it from similar future misconduct.

100.

Defendant Lowe's, through its conduct in engaging in the business of marketing, supplying, warrantying, and selling (whether in whole or in part) the Subject Miter Saw, demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of its actions, which included an extreme degree of risk. Plaintiff is entitled to an award of punitive damages to deter Defendant Lowe's from such conduct in the future.

101.

As a result of Defendant Lowe's callous, wanton, reckless, and conscious indifference to the safety and well-being of the consumer public and users of its 10-inch Single Bevel Sliding Miter Saw (Model #CMXEMAX69434501), numerous victims have been injured in similar incidents over time, and people continue to be injured.

25

102.

There is clear and convincing evidence that Defendant Lowe's acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for the safety and well-being of victims like those involved in this incident and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against Defendant Lowe's that will punish it for the harm it has caused and that will deter it from similar future misconduct.

**ATTORNEY'S FEES**

103.

Plaintiff re-alleges and incorporates herein the allegations contained in the foregoing paragraphs as if fully restated.

104.

The actions of the Defendants, as set out herein, constituted bad faith in the underlying transaction as defined by O.C.G.A. § 13-6-11.

105.

Defendants, in failing to resolve this matter, have been stubbornly litigious and caused Plaintiff unnecessary expense in pursuing this matter in violation of O.C.G.A. § 13-6-11.

106.

As a result of these actions, Defendants are liable to Plaintiff for his attorney's fees and expenses of litigation in this matter as authorized by O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.      That service be had upon Defendants as provided by law;

26

b.    That the Court award and enter a judgment in favor of Plaintiff, against Defendants, in an amount to compensate Plaintiff for all damages including, but not limited to, all special, compensatory, economic, punitive, and other allowable damages, in accordance with the enlightened conscience of an impartial jury, as permitted under Georgia law, plus cost and interest;

c.    That the Plaintiff has a trial by a jury of twelve as to all issues; and

d.    That the Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted this 5th day of August, 2024.

**SCHNEIDER INJURY LAW**

/s/ Bethany L. Schneider
Bethany L. Schneider
GA Bar No.: 940713
1201 Peachtree St NE #2000
Atlanta, GA 30361
(404) 800-3060 (Telephone)
(404) 920-3302 (Facsimile)
bethany@schneiderinjuryattorney.com

**GONZALEZ TORRES LAW**

/s/ Jennifer Cabrera Torres
Jennifer Cabrera Torres
GA Bar No.: 457385
1770 Indian Trail Lilburn Road
Suite 350
Norcross, Georgia 30093
(770) 475-8186 (Telephone)
(770) 674-8738 (Facsimile)
jennifer@gonzalez-lawyer.com

**ATTORNEYS FOR PLAINTIFF**

27

**CERTIFICIATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14-point) font, as required by the Court in Local Rule 5.l (C).

This 5th day of September, 2024.

/s/ Michael D. Stacy
James E. Singer
Georgia Bar No.: 649028
Michael D. Stacy
Georgia Bar No.: 940322

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
Facsimile:  770-668-0878
*Attorneys for Defendant*
  *Stanley Black & Decker, Inc.*
jes@boviskyle.com
mstacy@boviskyle.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, and have also this day sent the within and foregoing document, via e-mail and United States Mail, properly stamped and addressed, to the following:

Bethany L. Schneider
Schneider Injury Law
1201 Peachtree Street, Northeast
Suite 2000
Atlanta, Georgia 30361
bethany@schneiderinjuryattorney.com

Jennifer Cabrera Torres
1770 Indian Trail Lilburn Road
Suite 350
Norcross, Georgia 30093
jennifer@gonzalez-lawyer.com

*Counsel for Plaintiff*

*Counsel for Plaintiff*

Cody McCollum
Alec Young
Vernis & Bowling of Atlanta, LLC
30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
CMcCollum@Georgia-Law.com
Ayoung@Georgia-Law.com

*Counsel for Lowe's Home Improvement, LLC, Lowe's Home Centers, LLC and Lowe's Companies, Inc.*

[signature on following page]

This 5th day of September, 2024.

*/s/ Michael D. Stacy*

James E. Singer

Georgia Bar No.: 649028

Michael D. Stacy

Georgia Bar No.: 940322

BOVIS, KYLE, BURCH & MEDLIN, LLC

200 Ashford Center North, Suite 500

Atlanta, GA 30338-2668

Telephone: 770-391-9100

Facsimile:  770-668-0878

*Attorneys for Defendant*

  *Stanley Black & Decker, Inc.*

jes@boviskyle.com

mstacy@boviskyle.com