## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VICTOR ALFONSO GONAZALEZ,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **CIVIL ACTION NO.:** |
| **v.** | **:** | |
| | **:** | |
| **STANLEY BLACK & DECKER,** | **:** | |
| **INC., d/b/a CRAFTSMAN, LOWE'S** | **:** | |
| **HOME CENTERS, LLC, LOWE'S** | **:** | |
| **HOME IMPROVEMENT, LLC,** | **:** | |
| **LOWE'S COMPANIES, INC., a/k/a** | **:** | |
| **BUFORD LOWE'S (Store #0662),** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## ANSWER OF DEFENDANT STANLEY BLACK & DECKER, INC.

COMES NOW Stanley Black & Decker, Inc. ("SBD"), improperly named as Stanley Black & Decker, Inc. d/b/a/ Craftsman, a Defendant in the above-styled matter, and hereby responds to Plaintiffs' Complaint served on this Defendant August 7, 2024.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SECOND DEFENSE

Responding to the specific allegations of Plaintiffs' Complaint, SBD responds as follows:

## BACKGROUND

### 1.

In response to Paragraph 1 of Plaintiffs' Complaint, SBD shows that it does not allege a fact requiring a response. To the extent that any liability is alleged or implied against this Defendant by this Paragraph, same is denied.

## PARTIES & JURISDICTION

### 2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 2 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

### 3.

Paragraph 3 of Plaintiffs' Complaint is denied as pled.  In further response, this Defendant admits only that Stanley Black & Decker, Inc. is foreign corporation with its office and place of business at 1000 Stanley Drive, New Britain, CT 06053, and that it is authorized to conduct and transact business in the state of Georgia.

### 4.

Paragraph 4 of Plaintiffs' Complaint purports to alleged matters regarding an entity which is not a corporation nor a named party, therefore no response is required. Responding only to the extent Plaintiff has improperly named this Defendant as "d/b/a Craftsman", same is denied.

5.

Paragraph 5 of Plaintiffs' Complaint is denied.

6.

Paragraph 6 of Plaintiffs' Complaint is denied.

7.

Paragraph 7 of Plaintiffs' Complaint is denied.

8.

Paragraph 8 of Plaintiffs' Complaint is denied.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 9 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 10 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 12 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 13 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 14 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 15 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 16 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 17 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

19.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

20.

Paragraph 20 of Plaintiffs' Complaint is denied.

21.

Responding as to Paragraph 21 of Plaintiffs' Complaint, denied as to this Defendant.

22.

Responding as to Paragraph 22 of Plaintiffs' Complaint, and responding solely on behalf of SBD, denied as pled. In further response, Defendant does admit that it derives revenue from goods sold in the state of Georgia.

23.

Paragraph 23 of Plaintiffs' Complaint, as it relates to this Defendant, is denied as pled.

24.

Responding as to Paragraph 24 of Plaintiffs' Complaint, on behalf of this Defendant, SBD admits that the United States District Court for the Northern District of Georgia would have jurisdiction upon removal.

25.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 25 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

26.

Paragraph 26 of Plaintiffs' Complaint is denied.

## FACTS

27.

In response to Paragraph 27 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

28.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 28 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

29.

Denied.

30.

Denied.

31.

Denied.

32.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 32 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

33.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 33 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

34.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 34 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

35.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 35 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

36.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 36 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

37.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 37 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

38.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 38 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

39.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 39 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

40.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 40 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

41.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 41 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

42.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 42 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

43.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 43 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

44.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 44 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 45 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

46.

Responding to Paragraph 46 of Plaintiffs' Complaint, to the extent Plaintiff alleges or implies that "Craftsman", which is not a named entity, is the same as this Defendant, or this Defendant d/b/a's "Craftsman", same is denied.

47.

Paragraph 47 of Plaintiffs' Complaint is denied as pled.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 53 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

54.

Denied.

55.

Denied.

56.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 56 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 57 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 58 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 59 of Plaintiffs' Complaint, and therefore can neither admit nor deny same.

## **COUNT I: STRICT LIABILITY/DESIGN DEFECT AS TO DEFENDANT CRAFTSMAN**

60.

In response to Paragraph 60 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied.

65.

Paragraph 65 of Plaintiffs' Complaint, is denied as pled.

66.

Paragraph 66 of Plaintiffs' Complaint, is denied as pled.

67.

Paragraph 67 of Plaintiffs' Complaint, including all subparts, are denied.

68.

Denied.

69.

Denied.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

## **COUNT II: NEGLIGENCE OF DEFENDANTS**

74.

In response to Paragraph 74 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

75.

In response to Paragraph 75, of Plaintiffs' Complaint, denied as to SBD.

76.

Paragraph 76 of Plaintiffs' Complaint, including all subparts, are denied as to this Defendant.

77.

Denied.

78.

Denied.

79.

Denied.

## COUNT III: FAILURE TO WARN BY DEFENDANTS

80.

In response to Paragraph 80 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

81.

Denied as to SBD.

82.

Denied as to SBD.

83.

Denied as to SBD.

84.

Denied as to SBD.

85.

Defendant denies Paragraph 85 of Plaintiffs' Complaint, including all subparts.

86.

Denied.

## COUNT IV: BREACH OF WARRANTY BY DEFENDANTS

87.

In response to aragraph 87 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

88.

Denied as to SBD.

89.

Denied.

90.

Denied.

91.

Denied.

## INJURIES & COMPENSATORY DAMAGES

92.

In response to Paragraph 92 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

93.

Denied.

94.

Denied.

## **<u>PUNITIVE DAMAGES</u>**

95.

In response to Paragraph 95 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

96.

Denied.

97.

Denied.

98.

Denied.

99.

Denied.

100.

Denied.

101.

Denied.

102.

Denied.

## **ATTORNEY'S FEES**

103.

In response to Paragraph 103 of the Plaintiffs' Complaint, SBD incorporates herein its response to all other Paragraphs of the Complaint, together with all defenses set forth herein, as if fully stated herein.

104.

Denied.

105.

Denied.

106.

Denied.

## **THIRD DEFENSE**

Though denying this Defendant's designed, manufactured, or sold the product at issue in Plaintiff's Complaint, Defendant maintains that the product at issue was properly designed and manufactured, and was the state-of-the-art at the time, and therefore, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## FOURTH DEFENSE

There was no alleged breach of any duty by this Defendant to Plaintiff which proximately caused any injury or damage to Plaintiff.

## FIFTH DEFENSE

This Defendant states that to the extent there was an alteration, modification, or improper use of subject product, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## SIXTH DEFENSE

To the extent that there was a misuse of the subject product, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## SEVENTH DEFENSE

Plaintiff assumed the risk of injury or damage by his actions in and around the subject product, and therefore, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## EIGHTH DEFENSE

Plaintiff was properly warned regarding use of the subject product, and to the extent Plaintiff failed to follow instructions, warnings, and/or directions provided in connection with the product, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## NINTH DEFENSE

This Defendant states that any injury or damage sustained by the Plaintiff was the result of the Plaintiff's own negligence, unmixed with any alleged negligence or fault on the part of any Defendant, and therefore Plaintiff is not entitled to cover any some whatsoever for this Defendant.

## TENTH DEFENSE

To the extent Plaintiff failed to use reasonable care for his own safety, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## ELEVENTH DEFENSE

The condition of the product at issue and Plaintiff's use of same were open and obvious, and therefore, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## TWELFTH DEFENSE

Though denying negligence or liability in any respect, this Defendant states that to the extent Plaintiff's negligence was equal to or greater then any alleged negligence on the part of this Defendant, Plaintiff is unable to recover from this Defendant.

## THIRTEENTH DEFENSE

This Defendant alternatively states that, even if it is found to have breached any duty owed to the Plaintiff, which is vehemently denied, there were superseding

acts and/or omissions of other persons or entities other than this Defendant which proximately caused and contributed to Plaintiff's injuries, and therefore, Plaintiff is unable to recover any sum whatsoever from this Defendant.

## FOURTEENTH DEFENSE

Though denying negligence or liability in any respect, and pleading alternatively, in the event this Defendant is found to be liable in any respect, Plaintiff's claims against this Defendant are barred or must be reduced in proportion to the fault attributable to Plaintiff.

## FIFTEENTH DEFENSE

Some or all of the claimed injuries and/or damages are or may be as a result of fault of others not under the direct or immediate control or supervision of this Defendant, and therefore, this Defendant is not responsible and fault must be apportioned to those other named or unnamed persons and/or entities pursuant to Georgia law.

## SIXTEENTH DEFENSE

This Defendant states that there has not yet been an inspection of the product at issue nor any testing, and therefore, reserves the right to raise any applicable affirmative and other defenses as this case progresses and additional facts are discovered.

## **SEVENTEENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages against this Defendant in any amount or in the amount sought in the Complaint under O. C. G. A. § 51-12-5.1.

## **EIGHTEENTH DEFENSE**

No act or omission on the part of this Defendant constitutes specific intent, willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and this Defendant has not acted, or failed to act, in such as a manner as would authorize an award of punitive damages under any circumstances.

## **NINETEENTH DEFENSE**

Plaintiff's claims for punitive damages are in violation of and barred by the due process clause of the Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution because 1) the standard of law in Georgia does not provide for sufficient clarity for determining the appropriateness and the approximate size of the punitive damage award; (2) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiff; and (3) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards

consistent with the criteria set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America, Inc.* v. Gore, 517 U.S. 559 (1996), *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the equal protection clause of the Georgia Constitution, Article 1, Section 1, Paragraph 2, and by the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIRST DEFENSE

An imposition of punitive damages against this Defendant would violate the prohibition against excessive fines of the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia.

WHEREFORE, having fully answered Plaintiffs' Complaint, this SBD prays as follows;

1. That Plaintiff's Complaint be dismissed, and that Judgment be entered in favor of Defendant and against Plaintiff;

2. That all costs be cast against Plaintiff;

3. For a jury trial on all triable issues, and;

4. For such other and further relief as the Court deems just and proper.

This 5th day of September, 2024.

/s/ Michael D. Stacy

James E. Singer
Georgia Bar No.: 649028
Michael D. Stacy
Georgia Bar No.: 940322

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
Facsimile:  770-668-0878
jes@boviskyle.com
mstacy@boviskyle.com
*Attorneys for Defendant*
  *Stanley Black & Decker, Inc.*

## <u>CERTIFICIATE OF COMPLIANCE</u>

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14-point) font, as required by the Court in Local Rule 5.l (C).

This 5th day of September, 2024.

/s/ Michael D. Stacy
James E. Singer
Georgia Bar No.: 649028
Michael D. Stacy
Georgia Bar No.: 940322

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
Facsimile:  770-668-0878
*Attorneys for Defendant*
  *Stanley Black & Decker, Inc.*
jes@boviskyle.com
mstacy@boviskyle.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2024, I electronically filed **ANSWER OF DEFENDANT STANLEY BLACK & DECKER, INC.** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, and have also this day sent the within and foregoing document, via e-mail and United States Mail, properly stamped and addressed, to the following:

Bethany L. Schneider                Jennifer Cabrera Torres
Schneider Injury Law                1770 Indian Trail Lilburn Road
1201 Peachtree Street, Northeast    Suite 350
Suite 2000                          Norcross, Georgia 30093
Atlanta, Georgia 30361              jennifer@gonzalez-lawyer.com
bethany@schneiderinjuryattorney.com

*Counsel for Plaintiff*             *Counsel for Plaintiff*

Cody McCollum
Alec Young
Vernis & Bowling of Atlanta, LLC
30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
CMcCollum@Georgia-Law.com
Ayoung@Georgia-Law.com

*Counsel for Lowe's Home
Improvement, LLC, Lowe's Home
Centers, LLC and Lowe's Companies,
Inc.*

[signature on following page]

- 26 -

This 5th day of September, 2024.

/s/ Michael D. Stacy
James E. Singer
Georgia Bar No.: 649028
Michael D. Stacy
Georgia Bar No.: 940322

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: 770-391-9100
Facsimile:  770-668-0878
jes@boviskyle.com
mstacy@boviskyle.com
*Attorneys for Defendant*
  *Stanley Black & Decker, Inc.*